# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:06-cr-00066-W

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER DENYING BOND** |
| ) | |
| GREGORY LAWSHAWN MOFFITT, ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Defendant's Motion for Bond, filed August 11, 2006, (Doc. No. 14), and the Government's Response in Opposition, filed October 24, 2006 (Doc. No. 16). The Government argues that pursuant to 18 U.S.C. § 3143(a)(2), Defendant must be detained because he has been found guilty of a "crime of violence" and is awaiting imposition of a sentence. For the reasons set forth herein, the Court denies Defendant's Motion for Bond.

## I. ANALYSIS OF 18 U.S.C. § 3143

Section 3143(a)(2) of the Bail Reform Act provides that the Court "*shall* order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained" unless the requirements of sections 3143(a)(2)(A) and 3143(a)(2)(B) are satisfied. (Emphasis added). This district has recognized that 18 U.S.C. § 3143 creates a presumption that a person who has entered a guilty plea shall remain in custody. United States v. Hamrick, 720 F. Supp 66, 67 (W.D.N.C. 1989); see also United States v. Williams, No. 3:01-cr-183, Doc. No. 77 (W.D.N.C., July 25, 2002).

**A.	"Crime of Violence"**

The Court first considers the issue of whether Defendant has been found guilty of a "crime of violence," as identified in 18 U.S.C. § 3142(f)(1)(A). Here, the record indicates Defendant was indicted on one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). On July 21, 2006, Defendant pleaded guilty in a straight-up plea before Magistrate Judge Carl Horn, III, to the one count bill of indictment. This Court ruled in United States v. Black, No. 3:04-cr-00052 (W.D.N.C., oral order July 17, 2006), that a violation of 18 U.S.C. § 922(g)(1) constitutes a "crime of violence" for purposes of the Bail Reform Act. This ruling comports with rulings by other judges in this district, as well as other courts within the Fourth Circuit. United States v. Redmond, No. 3:06-cr-00092, Doc. No. 10 (W.D.N.C., May 30, 2006) (Voorhees, J.); United States v. Dykes, No. 3:04-cr-00280 (W.D.N.C., oral order Dec. 19, 2005) (Conrad, J.); United States v. Austin, No. 1:06-cr-00018, Doc. No. 21 (W.D.N.C., July 18, 2006) (Howell, M.J.); United States v. Allen, 409 F. Supp. 2d 622 (Md. 2006); United States v. Powers, 318 F. Supp. 2d 339 (W.D. Va. 2004); United States v. Spry, 76 F. Supp. 2d 719 (S.D. W. Va., 1999); United States v. Chappelle, 51 F. Supp. 2d 703 (E.D. Va. 1999). Therefore, the Court finds that the 18 U.S.C. § 922(g)(1) charge to which Defendant pleaded guilty constitutes a "crime of violence," which is an offense described in section 3142(f)(1)(A).[1]

---

[1] Defendant has argued that the enactment of the Adam Walsh Child Protection Act and the amendments to § 3142 contained within the Act clarify that possession of a firearm is not classified as a "crime of violence." The Court rejects Defendant's argument. The Adam Walsh Child Protection Act amended 18 U.S.C. § 3142(f)(1) to include a requirement that a judge must hold a detention hearing for "any felony that is not otherwise a crime of violence that involves a minor victim or that involves the possession or use of a firearm . . . ." The Adam Walsh Child Protection Act did not redefine "crime of violence" to exclude crimes involving possession or use of a firearm or otherwise limit "crimes of violence." Instead, it appears as though Congress added this language to § 3142 to expand the instances where detention hearings are conducted. This would ensure a detention hearing in courts that otherwise may not have held such a hearing because they did not consider possession of a firearm by a felon to be a "crime of violence."

### B. Acceptance of Guilty Plea by a Magistrate Judge

The next issue is whether Defendant's guilty plea before a magistrate judge satisfies the requirement in § 3143 that Defendant be "found guilty." Although unpublished, the Fourth Circuit case of United States v. Breedlove, 7 Fed. Appx. 268, 2001 WL 401307 (4th Cir. Apr. 20, 2001), recognizes that a magistrate judge's recommendation to accept a plea is binding, notwithstanding a deferment of acceptance to the district court. Specifically, the Breedlove court held, "Given that [the defendant] consented to have the magistrate judge preside over his Rule 11 hearing and tendered his plea at that time, the magistrate judge's recommendation to accept his plea is binding." Id. at 269, 2001 WL 401307 at *1 (citing United States v. Hyde, 520 U.S. 670, 677 (1997)). Since Breedlove stands for the proposition that a magistrate judge's *recommendation to accept* a plea is binding, it follows that the magistrate judge's *actual acceptance* of the plea is also binding. Id., see also United States v. Gibson, 217 F.3d 841, 2000 WL 962513, *1 (4th Cir. 2000) (unpublished) ("Given that [the defendant] consented to the magistrate judge's presiding over the Rule 11 hearing at which time [the defendant] tendered his plea, we find that the magistrate judge's acceptance of the plea is equally binding . . . .").

In United States v. Horne, 3:04-cr-213 (W.D.N.C., oral order Nov. 1, 2005), the court considered the issue of whether acceptance by the magistrate judge of a guilty plea is binding for purposes of the Bail Reform Act, and, if so, whether it triggers the heightened scrutiny of 18 U.S.C. § 3143. Following Breedlove, the Horne court ruled the defendant's plea before the magistrate judge was accepted, was binding, and triggered the scrutiny set forth in 18 U.S.C. § 3143. Consequently, the Horne court ordered Defendant to be detained following acceptance of his guilty plea and pending his sentencing.

The case of United States v. Luisa, 266 F. Supp. 2d 440, 446 (W.D.N.C 2003), is also instructive on this issue. In Luisa, the Court held, "the use within § 3143(a)(2) of the phrases 'a person who has been found guilty' and who 'is awaiting imposition' of sentence clearly includes a defendant who has entered a guilty plea but who has not yet been sentenced." Thus, for purposes of § 3143(a)(2), a defendant is "found guilty" after the magistrate judge accepts the plea, even though the district court has not yet sentenced the defendant.

The Court finds the Breedlove, Gibson, Horne, and Luisa decisions, as well as the authorities cited therein, to be persuasive authority. In this case, the record shows Defendant knowingly and voluntarily pleaded guilty and that Magistrate Judge Horn accepted Defendant's guilty plea on behalf of the district court. Indeed, Judge Horn signed Defendant's guilty plea and plainly indicated, "[T]he defendant's plea is hereby accepted." (Doc. No. 12). During the plea hearing, Defendant expressly consented to the magistrate judge's acceptance of the plea when he responded affirmatively to the question, "Recognizing your right to proceed before a District Judge, do you expressly consent to proceed in this Court, that is, before a U.S. Magistrate Judge?" (Doc. No. 12). Accordingly, Defendant's guilty plea before Magistrate Judge Horn in this case is binding such that Defendant has been "found guilty" pursuant to 18 U.S.C. § 3143(a)(2).[2]

---

[2] During hearing, Defendant argued that the Court has not yet determined that a factual basis exists for the guilty plea, which precludes a finding that the guilty plea has been accepted. In fact, counsel for Defendant and for the Government stipulated at the plea hearing before Judge Horn to postpone determination of the factual basis until sentencing. Although it is the better practice to determine the factual basis at the time of the Rule 11 plea hearing, Rule 11(b)(3) requires the factual basis be determined "before *entering judgment* on a guilty plea." (Emphasis added). Rule 11(b)(3) does not require a determination of the factual basis before acceptance of the guilty plea. As indicated by the plain terms of the rule, the timing for when the factual basis must be determined ("before entering judgment") is different from parts (1) and (2) of Rule 11(b), which require the court to advise and question the defendant and ensure the plea is voluntary "before *accepting* a plea of guilty." (Emphasis added). The parties do not dispute that both of these conditions occurred before Magistrate Judge Horn accepted Defendant's guilty plea.

## C. Exceptions Allowing Release of a Defendant that has been "Found Guilty"

Next, the Court considers whether the requirements of 18 U.S.C. § 3143(a)(2)(A) and (B) are satisfied to permit the Court to release Defendant. Section 3143(a)(2) provides the Court shall order that a person guilty of a "crime of violence" and awaiting imposition of a sentence be detained, unless the following conditions are met:

> (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or
> (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and
> (B) the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community.

The Fourth Circuit has recognized that "use of the word 'and' in § 3143(a)(2) indicates *both* subsections (A) and (B) must be satisfied in order to grant release pending sentencing." United States v. Irvin, 2 F. 3d 72, 73 n.1 (4th Cir. 1993) (emphasis added). The Court finds that Defendant cannot satisfy subsection (A) of 18 U.S.C. § 3143(a)(2). In fact, neither of the requirements of § 3143(a)(2)(A) (i) and (ii) have been met. There is no "substantial likelihood that a motion for acquittal or new trial will be granted" since Defendant pleaded guilty, nor has an attorney of the United States recommended that no sentence of imprisonment be imposed.[3] 18 U.S.C. §

---

[3] Defendant briefly argued at the hearing that this section violates separation of powers because it provides the executive branch, through the U.S. Attorney, with the power to intrude into the functions of the judicial branch. The government argued that it already has similar authority through 5K1.1 motions under the Sentencing Guidelines and Rule 35(b) substantial assistance motions. The federal courts have recognized that the government motion requirement in section 5K1.1 does not violate separation of powers. See United States v. Grant, 886 F.2d 1513, 1514 (8th Cir.1989) (citing United States v. Huerta, 878 F.2d 89, 91-93 (2d Cir.1989); United States v. Ayarza, 874 F.2d 647, 653 (9th Cir.1989); United States v. Musser, 856 F.2d 1484, 1487 (11th Cir.1988), cert. denied, 489 U.S. 1022, 109 S.Ct. 1145, 103 L.Ed.2d 205 (1989)). The Fourth Circuit has also recognized there is no violation of separation of powers by allowing prosecutors to make recommendations on substantial assistance motions. United States v. Francois, 889 F.2d 1341, 1344 (4th Cir. 1989) ("We agree with the conclusions reached in United States v. Severich, 676 F.Supp. 1209 (S.D.Fla.1988), aff'd, 872 F.2d 434 (11th Cir.1989), and United States v. Ayarza, 874 F.2d 647 (9th Cir.1989), that it was rational for Congress to lodge discretion in the prosecutor to make the decision as to

(continued...)

3143(a)(2)(A)(i-ii). Because the Court finds that subsection (A) cannot be satisfied, the Court, as a matter of law, cannot release Defendant pending sentencing.

Assuming *arguendo* that subsection (A) was satisfied and did not legally bar the Court from considering Defendant's release, the Court also does not find clear and convincing evidence that Defendant is not likely to flee or pose a danger to any other person or the community so as to satisfy 3143(a)(2)(B). Indeed, the evidence is to the contrary. The evidence shows Defendant has an extensive criminal record. The present charge for possession of a firearm by a felon rests on Defendant's prior felony conviction for possession with intent to sell and deliver cocaine. Further, the evidence before the Court shows that Defendant, on numerous occasions, failed to appear in Court to answer for criminal charges. The criminal record of Defendant and his actions demonstrate that he is a person who is incapable of being supervised.[4] Thus, subsection B of § 3143(a)(2) is not satisfied.

---

[3](...continued)
whether to file a motion seeking the reduction of a defendant's sentence on the ground of substantial assistance to the government, because the prosecutor is the only individual who knows whether a defendant's cooperation has been helpful.")(citation omitted). For these reasons, the Court finds Defendant's argument to be without merit. Moreover, even if Defendant could prevail on his argument, Defendant would not be entitled to be released on bond pursuant to 18 U.S.C. § 3142(e) as discussed below in footnote four (4).

[4]Further, even if the Court were to find that 18 U.S.C. § 3143(a)(2) was inapplicable and did not control the Court's authority to detain Defendant, this conduct is sufficient to deny bond and detain Defendant pursuant to 18 U.S.C. § 3142(e). Defendant has failed to appear in Court to answer for criminal charges at least eight times. Moreover, Defendant has failed to comply with Court orders on at least two occasions and has violated probation at least one time. Defendant has a lengthy history of repeatedly violating motor vehicle regulations, which indicates his willful failure to obey the law. Based on this egregious conduct, the Court is not satisfied that there is a condition or combination of conditions that "will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e).

## II. CONCLUSION

In sum, Defendant was found guilty of a "crime of violence" when Magistrate Judge Horn accepted Defendant's plea of guilty to a violation of 18 U.S.C. § 922(g)(1). Moreover, neither of the exceptions to the mandatory language of 3143(a)(2) apply in this case to permit Defendant's release on bond. Therefore, pursuant to 18 U.S.C. § 3143(a)(2) of the Bail Reform Act, the Court orders that Defendant be detained while he awaits sentencing.

IT IS, THEREFORE, ORDERED that Defendant's Motion for Bond is DENIED.

Signed: November 6, 2006

Frank D. Whitney
United States District Judge