**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-545-FDW**
**(3:06-cr-66-FDW-1)**

| | |
|---|---|
| **GREGORY LASHAWN MOFFITT,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |
| ) | |
| _____ ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 or, Alternatively, for Relief under 28 U.S.C. § 2241, or the Writs of Coram Nobis or Audita Querela (Doc. No. 2), and on Respondent's Response in Support re Motion to Vacate, Set Aside, or Correct Sentence, (Doc. No. 4). Petitioner is represented by Douglas Edwards Roberts of the Federal Defenders of Western North Carolina.

On July 21, 2006, Petitioner pled guilty without a plea agreement to being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1). (Criminal Case. No. 3:06cr66, Doc. No. 12: Acceptance and Entry of Guilty Plea). This Court originally sentenced Petitioner to 102 months' imprisonment, plus three years of supervised release. Petitioner appealed, and the Fourth Circuit vacated and remanded. (Id., Doc. No. 31). On remand, this Court sentenced Petitioner to 87 months' imprisonment, plus three years of supervised release, entering an amended judgment on February 17, 2009. (Id., Doc. No. 33: Amended Judgment). After serving his term of imprisonment, Petitioner was arrested for violating the terms of his supervised release

1

on September 24, 2013.  Three days later, Petitioner filed the instant motion to vacate.

In its Response, Respondent concedes that under the Fourth Circuit's en banc decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011), the underlying state court conviction used to support the Section 922(g) conviction was not for an offense punishable by more than one year in prison; therefore, Petitioner lacks a qualifying, predicate conviction for purposes of being convicted of being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1).  Respondent, therefore, seeks to waive the applicable one-year limitations period and requests that this Court vacate its judgment of conviction against Petitioner in Criminal Case No. 3:06cr66-FDW-1.

A Section 2255 claim not brought within one year of the date on which a conviction has become final under Section 2255(f) is procedurally barred.  A procedural bar, however, may be excused where the petitioner demonstrates "cause and prejudice," or "actual innocence." Bousley v. United States, 523 U.S. 614, 622 (1998).  Here, the Government concedes that Petitioner is actually innocent of the felon-in-possession conviction, and the Government has expressly waived the one-year limitation period.  The Supreme Court held in Day v. McDonough, 547 U.S. 198, 205, 209, 211 n.11 (2006), that where the government intelligently chooses to waive a statute of limitations defense, a district court is not at liberty to disregard that choice.  Although Day involved a state habeas petition, this Court finds that where the government intelligently waives the one-year limitations period in the context of a motion under Section 2255, the logic of Day would direct that this Court is not at liberty to disregard that waiver.

In sum, because Respondent has expressly waived the one-year limitations period, has conceded that Petitioner is actually innocent of the felon-in-possession conviction under United

States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), and has requested that this Court vacate Petitioner's conviction, and because the Court agrees that Petitioner is actually innocent under Simmons,

**IT IS, HEREBY, ORDERED, ADJUDGED, AND DECREED** that

(1) Petitioner's Motion to Vacate, (Doc. No. 2), is **GRANTED** and Petitioner's Section 922(g) conviction is hereby **VACATED;** and,

(2) Petitioner's supervised release is **TERMINATED** immediately.

Signed: December 13, 2013

Frank D. Whitney
Chief United States District Judge